SUSAN HAMILTON, as Administratrix, etc., of WILLIAM HAMILTON, Deceased, Appellant, *v.* CATHERINE BRENNAN, Respondent.

*Usury — the payment of an illegal bonus by a husband from his own money, on negotiating his wife's promissory note.*

Where a wife borrows money upon terms which are usurious, the fact that the illegal bonus exacted was subsequently paid to the lender not by the wife, but by her husband and out of his own money, does not validate the unlawful transaction.

APPEAL by the plaintiff, Susan Hamilton, as administratrix, etc., of William Hamilton, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of June, 1895, upon the decision of the court rendered after a trial at the New York Circuit before the court, without a jury, dismissing the plaintiff's complaint upon the merits.

*Delos McCurdy* and *John Yard*, for the appellant.

*Bernard J. Tinney*, for the respondent.

O'BRIEN, J.:

The action was brought to recover upon a promissory note for $1,000 made by the defendant. The making of the note and the fact that it has not been paid are admitted, but the defense of usury is pleaded. The only question presented to the court below was as to whether or not the loan represented by the note was made in pursuance of an usurious agreement. The court found, as facts, that the note was the result of an agreement entered into, wherein the plain-

tiff's intestate agreed to loan to the defendant the sum of $1,000, for which the latter was to pay fifty dollars bonus, together with interest at six per cent per annum ; that there was loaned to the defendant the sum of $700 at the time the note for $1,000 was made, and that thereafter there was paid the fifty dollars bonus and the sum of sixty dollars interest. Upon these findings the court concluded that the defense of usury was made out and that the complaint should be dismissed.

It will thus be seen that the question was purely one of fact. The only witness upon the question of the agreement between the parties at the time the loan was made and the note given, was the husband of the defendant who, in answer to the question as to whether there was any talk or conversation between the defendant and the intestate "as to any money, or amount of money, which was to be paid to him for the use of that money," answered, "Yes, sir, six per cent interest, and fifty dollars bonus." And, in response to further questions, he testified that the fifty dollars was subsequently paid by him, and that just prior to the making of the note the only money received was $700. There was no contradiction of this testimony and, although on cross-examination it appeared that the money in fact was borrowed for the benefit of the defendant's husband, who, out of his own moneys paid the bonus, the court was justified in finding that at the time, or just prior to the making of the note, the consideration therefor was the agreement already detailed.

With such testimony uncontradicted in the case, it cannot be said that the findings made by the learned trial judge upon the questions of fact were unwarranted. But to avoid the conclusion, reliance is placed upon the circumstance appearing that the bonus was subsequently paid not by the wife, but by the husband out of his own moneys. This, we do not, however, regard as destroying the legal conclusion which was drawn from the facts found, because, though the burden which was placed upon the defendant of paying a $1,000 note in consideration of a loan of $700, and in addition thereto of paying six per cent interest on the amount of the note, together with the bonus of fifty dollars, was assumed in part by the husband, this does not destroy the vice inherent in the agreement itself. Where, therefore, as here, upon uncontradicted evidence, the court

has found that the loan represented by the note was in pursuance of an usurious and unlawful agreement, such agreement cannot be validated, if once proven, by the fact that the husband, instead of the wife, undertook to comply with its terms, and made the illegal payments as called for by such agreement.

We think the judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.